1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10   DANIEL FERNANDEZ,                  )   1:07-cv-01278-OWW-TAG HC
                                        )
11                    Petitioner,       )   ORDER  TO  AMEND  PETITION  WITHIN
                                        )   THIRTY DAYS
12                                      )   (Doc. 1)
          v.                            )
13                                      )   ORDER DIRECTING CLERK OF COURT TO
                                        )   SEND PETITIONER BLANK FORM PETITION
14   DERRAL G. ADAMS,                   )
                                        )
15                    Respondent.       )
     _____)

16

17        Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to

18   28 U.S.C. § 2254. The instant petition was originally filed on September 4, 2007.  (Doc. 1).

19                                       DISCUSSION

20        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

21   of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

22   from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

23   Governing  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court

24   will order Respondent to respond to the petition.  Rule 5 of the Rules governing § 2254 Cases.

25        A federal court may only grant a petition for writ of habeas corpus if a petitioner can show

26   that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254 (a).  A petition for writ

27   of habeas corpus must therefore specify the grounds for relief.  Rule 2(c) of the Rules Governing

28                                            1

1   Section 2254 Cases.  The petition must also allege the facts surrounding the  petitioner's

2   incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual allegations that would

3   entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

4   1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989).

5        In addition, a petition presented in *pro se* must be upon the form approved by the court.  Rule

6   2 of the Rules Governing Section 2254 Cases; Local Rule 81-190.  This rule ensures that all

7   information needed is before the court.  Each ground for relief must be clearly stated and allege what

8   federal constitutional violation has occurred, along with providing facts that support the grounds for

9   relief.  If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must

10  dismiss the petition.  Rule 4 of the Rules Governing Section 2254 Cases.

11       Filing an incomplete form petition is inadequate, and requires the Court to expend

12  considerable time and resources attempting to determine which claims petitioner seeks to raise

13  before this Court.  It is unreasonable to expect the Court to take on such a task when the

14  responsibility to inform the Court lies solely with Petitioner.[1]  The proper use of the form petition

15  results in administrative convenience of benefit to both Petitioner and the Court.

16       Here, Petitioner has filed a form petition that is incomplete.  In the places on the original

17  form petition where Petitioner is supposed to list his grounds for relief, Petitioner has indicated "See

18  Attached Petition."  (Doc. 1, pp. 4-5).  However, there is no attached petition; therefore, as presently

19  filed, the instant petition contains no grounds for relief.  Without this information, the Court cannot

20  proceed to the merits of the petition; indeed, if the petition does not allege grounds for relief based

21  upon violations of federal constitutional law, the Court lacks jurisdiction to proceed. Thus, Petitioner

22  must resubmit the form petition once it has been completely filled out as stated on the form.

23       Accordingly, it is HEREBY ORDERED:

24  1.      Within thirty (30) days of the date of service of this Order, Petitioner SHALL FILE

25          AN AMENDED PETITION in which Petitioner fills out the form provided by the

---

[1]Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

2

1    Court and properly states all grounds for relief in the form itself rather than referring

2    to an attachment.   The amended petition should be clearly and boldly titled

3    "AMENDED PETITION," contain the appropriate case number, and be an original

4    signed under penalty of perjury.  Petitioner should also note that every pleading to

5    which an amendment is permitted *must be retyped or rewritten and filed so that it is*

6    *complete in itself without reference to the prior or superseded pleading*.  Local Rule

7    15-220.

8        2.      The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal

9                prisoners filing pursuant to § 2254.

10       Petitioner is forewarned that his failure to comply with this order may result in a

11   Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

12

13   IT IS SO ORDERED.

14   Dated:   **January 14, 2008**                                      **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          3