UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL FERNANDEZ, | ) | 1:07-cv-01278-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED FOR |
| | ) | FAILURE TO COMPLY WITH THE COURT'S |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| DERRAL G. ADAMS, | ) | ORDER DIRECTING RESPONSE TO BE FILED |
| | ) | WITHIN THIRTY DAYS |
| Respondent. | ) | |
| | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The instant petition was originally filed on September 4, 2007. (Doc. 1). On January 15, 2008, the Court, after conducting a preliminary screening of the petition, ordered Petitioner to file an amended petition because the original form petition referenced attached claims that were not attached. (Doc. 6). As configured, the original petition contained no claims whatsoever.

The Court advised Petitioner that he needed to fill out the Court's form petition, and the order directed the Clerk of the Court to provide Petitioner with a new form petition to use for the amended petition. On February 19, 2008, Petitioner filed an amended petition. (Doc. 7). However, Petitioner did not use the form provided by the Court. Instead, Petitioner filed a typewritten legal brief containing lengthy and detailed legal arguments regarding his claims.

As the Court has previously advised Petitioner, a petition presented in *pro se* **must** be upon the form approved by the court. Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-

1

190.  **This rule ensures that all information needed is before the Court,** since the form petition contains specific questions to which the Court needs answers as well as blank spaces for Petitioner's answers to those questions.

A preliminary screening requires this Court to determine that the petition meets certain basic requirements, e.g., venue, personal and subject matter jurisdiction, and, most importantly, that Petitioner has timely filed his petition within the one-year limitation period provided by 28 U.S.C. § 2244(d) and that he has fully exhausted each claim by presenting it to the California Supreme Court in a timely manner.  In order to make a determination regarding the statute of limitations and exhaustion, the Court must know when the Petitioner's direct review concluded, which issues were raised in direct review, and the filing and decision dates, as well as the nature of the claims raised therein, for any subsequent state court habeas petitions.  It is only by reviewing all of this pertinent information that the Court can apply the proper statutory rules to determine if the petition should go forward.

The form petition, while it may appear to be mundane and limited to Petitioner, has the distinct virtue of containing spaces on the form for Petitioner to provide this valuable and necessary information.  By choosing to forego the form petition for a lengthy legal treatise, Petitioner has unfortunately failed to provide this basic information and has thus precluded the Court once again from conducted its statutory duty to preliminarily screen the petition.  For example, this lengthy amended petition contains literally hundreds of citations to legal authorities but does not explain in the Statement of the Case even the most basic information such as the Superior Court in which Petitioner was convicted.  It does not indicate whether he filed an appeal, when that appeal might have concluded, and whether the claims contained in the petition are exhausted.  Nor does Petitioner provide any information about any state court habeas petitions that might affect the Court's calculation of the statute of limitations.  In other words, Petitioner has not provided this Court with any of the information it needs to conduct its preliminary screening.

All of this information is requested on the form petition and, had Petitioner followed the Court's instructions by properly filing an amended form petition, this information would now be

available to the Court. Instead, the Court is once again in the position of not being able to properly screen the amended petition.

As mentioned, filing an incomplete form petition is inadequate, and requires the Court to expend considerable time and resources attempting to determine which claims petitioner seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1] The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court. The Court has already given Petitioner his opportunity to correct his defective petition. He failed to take advantage of that opportunity. The Court's order of January 15, 2008 expressly advised that "Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110." (Doc. 6). Having already so advised Petitioner, and Petitioner having completely disregarded the Court's orders, a second chance is neither advisable nor required.

### ORDER TO SHOW CAUSE

Accordingly, it is HEREBY ORDERED that Petitioner Show Cause within thirty (30) days of the date of service of this Order to Show Cause why the instant amended petition should not be dismissed for failure to comply with the Court's order to file an amended petition on the form provided by the Court.

Petitioner is forewarned that his failure to comply with this order will result in Findings and Recommendations recommending that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **March 24, 2008**                              **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.