UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL FERNANDEZ, | ) | 1:07-cv-01278-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS (Doc. 1). |
| v. | ) | |
| | ) | ORDER DISCHARGING ORDER TO SHOW |
| | ) | CAUSE (Doc. 8) |
| DERRAL G. ADAMS, | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| Respondent. | ) | FILED WITHIN TWENTY DAYS |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition was originally filed on September 4, 2007. (Doc. 1). On January 15, 2008, the Court, after conducting a preliminary screening of the petition, ordered Petitioner to file an amended petition because the original form petition referenced attached claims that were not attached. (Doc. 6). As configured, the original petition contained no claims whatsoever.

The Court advised Petitioner that he needed to fill out the Court's form petition, and the order directed the Clerk of the Court to provide Petitioner with a new form petition to use for the amended petition. (Doc. 6, pp. 2-3). The Court's electronic docket reflects that on January 15, 2008, the Clerk of the Court mailed Petitioner a copy of the Court's order to amend *along with* a blank form on which file his amended petition. (Docs. 6, 6-2). On February 19, 2008, Petitioner filed an

1

amended petition.  (Doc. 7).  However, Petitioner chose not to use the form provided by the Court. Instead, Petitioner filed an 86-page typewritten legal brief containing lengthy and detailed legal arguments regarding his claims.

On March 25, 2008, after screening the amended petition and noting that Petitioner had chosen not to use the form provided by the Court, the Court issued an order to show cause why the petition should not be dismissed for Petitioner's failure to use the proper form as required by the Court's own local rules.  (Doc. 8).  On April 24, 2008, Petitioner responded to the order to show cause, contending that the order of January 15, 2008 served by the Clerk of the Court did not contain a blank copy of the form petition.  (Doc. 9, p. 2).  To date, Petitioner has not amended his habeas petition on the form petition.

## DISCUSSION

As the Court has previously advised Petitioner in two orders, a petition presented in *pro se* **must** be upon the form approved by the court.  Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190.  **This rule ensures that all information needed is before the Court,** since the form petition contains specific questions to which the Court needs answers as well as blank spaces for Petitioner's answers to those questions.

A preliminary screening requires this Court to determine that the petition meets certain basic requirements, e.g., venue, personal and subject matter jurisdiction, and, most importantly, that Petitioner has timely filed his petition within the one-year limitation period provided by 28 U.S.C. § 2244(d) and that he has fully exhausted each claim by presenting it to the California Supreme Court in a timely manner.  In order to make a determination regarding the statute of limitations and exhaustion, the Court must know when the Petitioner's direct review concluded, which issues were raised in direct review, and the filing and decision dates, as well as the nature of the claims raised therein, for any subsequent state court habeas petitions.  It is only by reviewing all of this pertinent information that the Court can apply the proper statutory rules to determine if the petition should go forward.

///

The form petition, while it may appear to be mundane and limited to Petitioner, has the distinct virtue of containing spaces on the form for Petitioner to provide this valuable and necessary information. By choosing to forego the form petition for a lengthy legal treatise, Petitioner has unfortunately failed to provide this basic information and has thus precluded the Court once again from conducted its statutory duty to preliminarily screen the petition. For example, the lengthy amended petition contains literally hundreds of citations to legal authorities but does not explain in the Statement of the Case even the most basic information such as the Superior Court in which Petitioner was convicted. It does not indicate whether he filed an appeal, when that appeal might have concluded, and whether the claims contained in the petition are exhausted. Nor does Petitioner provide any information about any state court habeas petitions that might affect the Court's calculation of the statute of limitations. **In other words, Petitioner has not provided this Court with any of the information it needs in order to conduct its preliminary screening and move the case forward**.

All of this information is requested on the form petition and, had Petitioner followed the Court's instructions by properly filing an amended form petition, this information would now be available to the Court. As mentioned, filing an incomplete form petition is inadequate, and requires the Court to expend considerable time and resources attempting to determine which claims Petitioner seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1] The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court.

Petitioner contends that he was never provided a copy of the form petition by the Court. The Court's own electronic records establish that the Clerk of the Court attached a copy of the form petition to the order of January 15, 2008 that was served on Petitioner. (Doc. 6-2). The Court takes judicial notice of its own records in this action, and finds that the Clerk of the Court properly served Petitioner with a copy of the form petition on January 15, 2008. Instead of using the form petition as

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

3

directed by the Court, Petitioner filed a lengthy, non-conforming petition in violation of the Court's order and the Local Rules.

The Court has already given Petitioner two prior opportunities to correct his defective petition. He failed to take advantage of those opportunities. The Court's order of January 15, 2008 expressly advised that "Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110." (Doc. 6, p.3). A similar warning was included in the order to show cause dated March 24, 2008. (Doc. 8, p. 3). Having already so advised Petitioner on two separate occasions, and Petitioner having completely disregarded the Court's orders, a further chance is neither advisable nor required.

In determining whether to dismiss an action for lack of prosecution resulting from a petitioner's failure to obey the orders of the Court, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondent; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since September 4, 2007. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor--public policy favoring disposition of cases on their merits--is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v. U.S. Postal Service, 833 F.2d 128, 132-133 (9th Cir. 1987); Henderson, 779 F.2d at 1424. The Court's order of January 15, 2008, expressly stated: "Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the

///

Petition be dismissed pursuant to Local Rule 11-110." (Doc. 6, p. 3). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

## ORDERS

Accordingly, the Court HEREBY ORDERS that the order to show cause issued on March 25, 2008 (Doc. 8), is hereby DISCHARGED as MOOT in light of the Recommendations that follow.

## RECOMMENDATIONS

For the foregoing reasons, the Court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to prosecute and his failure to obey the orders of this Court.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 30, 2008**                    /s/ Theresa A. Goldner
                                           UNITED STATES MAGISTRATE JUDGE

5