1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7   DANIEL FERNANDEZ,                    )   1:07-CV-1278 OWW-JMD HC
                                         )
8                  Petitioner,           )   ORDER DENYING PETITIONER'S
                                         )   APPLICATION FOR RELIEF FROM
9        v.                              )   JUDGMENT (DOC. 55)
                                         )
10  DERRAL G. ADAMS,                     )
                                         )
11                 Respondent.           )
                                         )
12

13       Petitioner Daniel Fernandez is a state prisoner proceeding pro se in a habeas corpus action

14  pursuant to 28 U.S.C. §2254.  On September 4, 2007, Petitioner filed his petition for writ of habeas

15  corpus.  See Doc. 1.  On May 24, 2010, Respondent filed its answer making Petitioner's traverse due

16  no later than June 28, 2010.[1]  See Doc. 42.

17       On November 12, 2010, over four months past the date when the traverse was due, Petitioner

18  filed a motion to extend time to file his traverse.[2]  See Doc. 46.  Though Petitioner's request was

19  untimely, the Court granted the request and extended the date for Petitioner to file his traverse until

20  December 7, 2010.  Petitioner did not file a traverse and on December 17, 2010, the Magistrate

21  Judge signed his Findings and Recommendation ("F&R") which stated objections were due within

22  thirty days of service.  See Doc. 49.  The Court's Electronic Case File ("ECF") system reflects that

23

24       [1]The Court's August 15, 2008, order initially dismissed Petitioner's amended habeas petition for formatting
    deficiencies but ordered any request for a Certificate of Appealability granted because reasonable jurists could differ as to
25  the Court's ruling.  Petitioner appealed to the Ninth Circuit Court of Appeals, which vacated the judgment and remanded for
    consideration of Petitioner's claims on September 28, 2009.  On February 5, 2010, the Court ordered Respondent to file an
26  Answer to the Petition.

27       [2]Petitioner's motion to extend time to file his traverse is dated September 27, 2010 however the Court received and
    filed the document on November 12, 2010.  Even presuming the Court had received the motion in September of 2010,
28  Petitioner's motion would still not have been timely filed.

U.S. District Court
E. D. California                                    1

1   the Court served Petitioner a copy of the F&R by mail on December 20, 2011.  <u>See</u> Doc. 49.  On

2   December 13, 2010 the Court received Petitioner's undated final request for an extension to file a

3   traverse, which was entered into the Court's ECF system on December 17, 2010.  <u>See</u> Doc. 48.  As

4   Petitioner's request was again untimely, the Court denied Petitioner's motion on December 21, 2010.

5   <u>See</u> Doc. 50.

6          The Court's order of February 15, 2011, adopted the F&R.  On February 22, 2011, the Court

7   received and entered Petitioner's request for an extension of time to file objections to the Court's

8   F&R.  <u>See</u> Doc. 53.  Again, Petitioner's request for extension to file objections was not timely and

9   the Court denied Petitioner's motion.

10         On May 17, 2011 Petitioner filed the instant motion for relief from judgment pursuant to

11  Federal Rules of Civil Procedure ("FRCP") Rule 60(a) and (b).

**Discussion**

13  **I.  Petitioner's Claims**

14         Petitioner contends that confusion caused by the combined effects of overlapping mail and

15  the Court's confusion regarding the time of filing for various pleadings and motions warrant

16  reconsideration of the Court's F&R and order adopting the F&R.  More specifically, Petitioner

17  argues that the Court improperly denied his extensions to file a traverse because: (1)  Petitioner was

18  under the false impression that his traverse was due by September 30, 2010 because Petitioner's files

19  reflect that Respondent's Answer was filed on August 31, 2010 and not May 24, 2010 (<u>See</u> Motion,

20  Exh. 1); and (2)  the Court did not respond to Petitioner's October 17, 2010 initial 30 day extension

21  to file his traverse (<u>See</u> Motion, Exh. 2.); and (3) after the Court granted an extension to December 7,

22  2010, the Court erred in denying Petitioner's"third" and final motion for extension of time.  <u>See</u>

23  Motion at 3, fn. 2.

24         Additionally, Petitioner contends that the Court failed to respond to a January 2, 2011 motion

25  for extension to file objections to the F&R, though the Court has no record of this document.  <u>See</u>

26  Petition, Exh. 3.  Petitioner contends that in light of the January 2, 2011 motion, his February 16,

27  2011 motion for extension was his second request filed only to "err[] on the side of caution" due to

28  the Court's alleged failed response to his first motion.  <u>See</u> Motion at 3, Exh. 3.  Petitioner contends

1   these factual allegations warrant relief from judgement under FRCP 60(a) and Rule (b)((1), (2), (3),

2   and (6).

3   **II. Analysis**

4          Petitioner's claim that he is entitled to relief under FRCP 60 lacks merit.  "The court may

5   correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a

6   judgment, order, or other part of the record."  FRCP 60(a).  No mistake was made in the Court's

7   order which adopted the Magistrate Judge's Findings and Recommendation and Petitioner has failed

8   to provide any evidence to the contrary.  Additionally, under FRCP 60(b), the court may "relieve a

9   party . . . from final judgment . . . for the following reasons": "mistake," "newly discovered

10  evidence," "fraud," "judgment is void," "judgment has been satisfied, released, or discharged," or

11  "any other reason that justifies relief."  FRCP 60(b)(1)-(6).  Here, Petitioner has not shown that any of

12  these grounds for relief exists here.[3]

13         Petitioner's contentions involving his inability to file a traverse are not well taken.  As a

14  threshold matter, the Court's records do not reflect that Petitioner filed a motion for extension to file

15  his traverse on October 17, 2010.  See Petition, Exh. 2.  However, even assuming the authenticity of

16  Petitioner's moving papers at Exhibit 2, his October 17, 2010 motion would still have been untimely.

17  Moreover, Petitioner has failed to explain why, after the Court granted his motion to file an

18  extension (four months after the traverse was originally due, See Doc. 46), Petitioner still failed to

19  file his traverse.

20         Petitioner's also argues that by operation of the "Mailbox" rule, his motion for a final

21  extension to file his traverse filed with the Court on December 13, 2010 was not untimely.  See

22  Motion at 3, fn. 2.  Though not entirely clearly, Petitioner apparently argues that his motion was

23  timely because he deposited his undated motion with prison authorities on December 7, 2010.  Id.

24

25         [3]Courts "use Rule 60(b)(6) sparingly as an equitable remedy to prevent manifest injustice.  To receive relief under
26  Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute
    his case."  Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (quotations omitted); see also Gardner v. Martino, 563 F.3d
27  981, 991–92 (9th Cir. 2009) ("Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show both
    injury and circumstances beyond its control prevented timely action to protect its interest.").  Petitioner has failed to
28  demonstrate or allege "extraordinary circumstances which prevented or rendered him unable to prosecute his case" prior to
    the entry of judgment in this case.  Lal, 610 F.3d at 524.

1  Petitioner cites to Houston v. Lack,  487 U.S. 266, 274-76 (1988) which holds that a pro se habeas

2  petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for

3  mailing, as opposed to the date of its receipt by the court clerk.  Additionally, in federal habeas

4  proceedings, Rule 3(d) of the Rule Governing Section 2254 Cases provides in pertinent part "[a]

5  paper filed by an inmate confined in an institution is timely if deposited in the institution's internal

6  mailing system on or before the last day for filing."  See 28 U.S.C. § 2254 R. 3(d).

7         However, Rule 3(d) also provides that "[t]imely filing may be shown by a declaration in

8  compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the

9  date of deposit . . ."  See 28 U.S.C. § 2254 R. 3(d).  Here, Petitioner has failed to comply with Rule

10 3(d)'s requirement to provide either a declaration or notarized statement supporting his contention

11 that the undated motion was deposited with the institution's mailing system on December 7, 2010.

12 In addition, Petitioner's December 13, 2010 motion is signed but is not dated.  See Doc. 48.  Thus,

13 Petitioner contentions regarding the timeliness of his request in December for an extension of time to

14 file are unavailing.[4]

15        Similar to his claims regarding his "October 17, 2010 motion," there is no record supporting

16 Petitioner's contention that he filed an additional January 2, 2011 motion for additional time to file

17 objections to the F&R and Petitioner's "handwritten copy" of the alleged moving papers is not

18 persuasive.  See Motion, Exh. 3.  However, even presuming that (1) this document had been properly

19 filed; and (2) the court had granted Petitioner's request for additional 30 days, Petitioner has still not

20 provided any objections, now over three months past the date in which they would have been due.

21

22        Accordingly, IT IS HEREBY ORDERED that the Petitioner's motion for relief from

23 judgment is DENIED.

24 IT IS SO ORDERED.

25 **Dated:    June 1, 2011                          /s/ Oliver W. Wanger**

26 ─────────────────────

27 [4]Even presuming Petitioner's December 2010 motion seeking a final extension to file his traverse had been timely,
by virtue of the Court's extension to December 7, 2010 to file the traverse, Petitioner had already been provided over five
months time with which to prepare and file his traverse.  See Doc. 47.  Yet even with this additional time, Petitioner did not

28 file the document.  Thus, whether the undated December motion was timely or not, no further extensions were warranted.

1          UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California                                    5